The STATE of Ohio, Appellee,

v.

ASBERRY, Appellant.

[Cite as *State v. Asberry,* 173 Ohio App.3d 443, 2007-Ohio-5436.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88580.

Decided Oct. 11, 2007.

444

William D. Mason, Cuyahoga County Prosecuting Attorney, and Edward G. Lentz, Assistant Prosecuting Attorney, for appellee.

Robert A. Dixon, for appellant.

---

MELODY J. STEWART, Judge.

{¶ 1} Defendant-appellant, Randall Asberry, was indicted by a Cuyahoga County Grand Jury in June 2005 on two counts of escape in violation of R.C. 2921.34, a felony of the second degree. The indictment resulted from appellant's failure to timely report to his parole officer. On September 9, 2005, appellant appeared before the court and withdrew his previously entered plea of not guilty, and, pursuant to a plea agreement, he entered a plea of guilty to one count of escape. The state then moved to nolle count two of the indictment. The prosecutor stated to the court that neither he nor the parole officer was asking that appellant receive a prison term in the case. Following acceptance of his guilty plea, the trial court set a sentencing hearing date and ordered a presentence investigation.

{¶ 2} At the sentencing hearing, the court imposed a sentence of two years' incarceration in prison and postrelease control for three years. Appellant now appeals this judgment, alleging that his plea was not voluntarily and knowingly made. Following a review of the record and applicable law, we reverse appellant's conviction and vacate his guilty plea.

{¶ 3} Appellant's single assignment of error states: "Appellant's plea was entered in violation of his due process rights pursuant to the Fifth and Four-

teenth Amendments to the United States Constitution and Art. 1, Sec. 10 of the Ohio Constitution."

{¶ 4} Appellant argues that his plea was not truly voluntary because he believed, based on the representations made to him, that he would receive a sentence of community-control sanctions only and not a prison term.

{¶ 5} In *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474, the Supreme Court of Ohio addressed the requirements for a voluntary plea:

{¶ 6} "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review. Crim.R.11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. The United States Supreme Court held in *Boykin v. Alabama* (1969), 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274, that in order for a reviewing court to determine whether a guilty plea was voluntary, the United States Constitution requires the record to show that the defendant voluntarily and knowingly waived his constitutional rights. The court specified these rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Id. at 243 [89 S.Ct. 1709, 23 L.Ed.2d 274]."

{¶ 7} The court went on to identify certain nonconstitutional rights that also had to be waived by defendant, stating: "In addition to the constitutional duty to inform, Crim.R. 11(C) requires the trial judge to tell the defendant certain other matters before accepting a guilty plea." *Nero,* 56 Ohio St.3d at 107, 564 N.E.2d 474.

{¶ 8} Crim.R. 11 states:

{¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining

witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 13} The standard of review differs depending upon the rights appellant raises on appeal. We require strict compliance if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(b), we look for substantial compliance. *State v. Moviel,* Cuyahoga App. No. 86244, 2006-Ohio-697, 2006 WL 350205, ¶ 10.

{¶ 14} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 15} Appellant alleges that the trial court violated his nonconstitutional rights by misleading him into believing that he would not receive a prison term after entering his plea of guilty to count one of the indictment. Appellant argues that both the prosecutor and the court appeared to go out of their way to assure him that he would not receive jail time upon pleading guilty. He bases his allegations upon the following comments from the hearing:

{¶ 16} "[Prosecutor:] If there's a plea forthcoming to Count One, escape, a felony of the second degree, the State would move to nolle Count Two.

{¶ 17} "A felony of the second degree carries anywhere from two to eight years in prison in yearly increments and a potential fine of $15,000.

{¶ 18} "There were no threats or promises made to induce this change of plea.

{¶ 19} "I would like to state for the record that the State is not asking for prison time in this case, nor is the parole officer."

{¶ 20} Following an explanation of appellant's rights, the following exchange took place:

{¶ 21} "The Court: Do you understand the possible penalties that are involved, sir?

{¶ 22} "The Defendant: Yes.

{¶ 23} "The Court: Do you understand that if [the sentencing judge] [1] would impose a sentence of community control sanctions and place you on a period of

---

1. The judge accepting the plea and the judge imposing sentence in this case were different.

probation, and you violated any of the terms and conditions of those sanctions, you could go to prison?

{¶ 24} "The Defendant: Yes.

{¶ 25} "The Court: Do you also understand that if you are sentenced to prison, sir, you could be subject to up to three years of control sanctions by the Parole Board, and that's in this case?

{¶ 26} "The Defendant: Yes.

{¶ 27} "The Court: Mr. Asberry, have any threats or promises been made in order to induce a change of plea in this matter?

{¶ 28} "The Defendant: No.

{¶ 29} "The Court: Then I'll ask you how you plead to Count One of the indictment, which charges the offense of escape, which, as charged Count One, is a felony of the second degree, subject to a term of incarceration of anywhere from two to eight years in a state facility and a maximum discretionary fine of up to $15,000?

{¶ 30} "As a felony of the second degree, there is a presumption in our sentencing guidelines for incarceration.

{¶ 31} "However, the record does reflect the State will not seek jail time in this matter.

{¶ 32} "Do you understand all that?

{¶ 33} "The Defendant: Yes.

{¶ 34} "The Court: How do you plead, sir?

{¶ 35} "The Defendant: Guilty."

{¶ 36} The record reflects that the prosecutor and the court told appellant that there was a presumption of incarceration for the offense charged. The part we find troubling is the trial court's use of the word "however" immediately after explaining the presumption in favor of incarceration, coupled with the rest of the statement, "the record does reflect the State will not seek jail time in the matter." While the court does not explicitly say that the state's position of not seeking jail time will be honored, neither does the court tell appellant that it is not bound by the state's plea-bargain position when imposing sentence and can impose any sentence authorized by statute regardless of the state's position.

{¶ 37} We find that appellant could reasonably conclude that the court had an obligation to tell him about the presumption of incarceration contained in the sentencing guidelines, but then also could reasonably conclude that that presumption was rebutted by the statement, "However, the record does reflect the State will not seek jail time in this matter," immediately following. In this case,

appellant cannot be said to have voluntarily and knowingly entered his guilty plea with an understanding of the effects of the plea. This analysis is further supported by the fact that at no time did the trial court tell appellant that the sentencing judge may or may not consider the prosecutor's and parole officer's position regarding incarceration and is not bound by the state's position when imposing sentence.

{¶ 38} We also note certain other circumstances surrounding the sentencing hearing that contribute to our decision. The judge at the sentencing hearing who imposed the two-year prison sentence was not the judge who had accepted the plea at the earlier plea hearing. Additionally, counsel for appellant at the sentencing hearing was not the attorney who represented appellant when the guilty plea was entered. In the transcript of the sentencing hearing, there is no mention of the prosecutor's previous statements at the plea hearing that neither he nor appellant's parole officer was seeking a prison term in this matter. For whatever reason, defense counsel also did not inform the court at the sentencing hearing of the state's plea-bargain position.

{¶ 39} This is information the trial court should have had at sentencing. The record does not reflect that the sentencing judge was aware of the state's position regarding incarceration or of any of the circumstances surrounding appellant's guilty plea. Had the sentencing court been privy to this information, it might have imposed a different sentence, and indeed, appellant might not have been sentenced to a two-year prison term.[2]

█ {¶ 40} The decision whether to accept or to reject a plea bargain rests within the sound discretion of the trial court. *In re Disqualification of Mitrovich* (1990), 74 Ohio St.3d 1219, 657 N.E.2d 1333. "However, the law is somewhat less settled in those cases where the trial court appears to indicate that it accepts the negotiated plea agreement *before the court accepts the defendant's plea,* and then deviates from the recommended sentence or terms contained within the plea agreement at the time of sentencing. The analysis in these scenarios turns to due process concerns over *whether the accused was put on*

---

2. Parole or post-release control sanctions are sanctions "aimed at behavior modification in the attempt to reintegrate the offender safely into the community." *Woods v. Telb* (2000), 89 Ohio St.3d 504, 512, 733 N.E.2d 1103. One important aspect of reintegration is employment. During the pendency of this case, appellant was employed as a truck driver, a job he eventually secured after release from prison. According to appellant, the escape charges, based upon his failing to report to his parole officer, were a result of his job requirements taking him away from the county on dates he was to report. Appellant indicated that his former parole officer approved the driving job and that he had called his new parole officer and left messages for her when a job assignment took him out of town on reporting dates. Although we recognize the importance of complying with the terms and conditions of parole, including adhering to scheduled reporting times, we also recognize that for a convicted felon, gaining and maintaining lawful employment is also important.

*[notice]* that the trial court might deviate from the recommended sentence or other terms of the agreement before the accused entered his plea and *whether the accused was given an opportunity to change or to withdraw his plea* when he received this notice. See, generally, *Katz & Giannelli,* Criminal Law (1996) 154–155, Section 44.8." (Emphasis sic.) *Warren v. Cromley* (Jan. 29, 1999), Trumbull App. No. 97–T–0213, 1999 WL 76756; see, also, *State v. Dunbar,* Cuyahoga App. No. 87317, 2007-Ohio-3261, 2007 WL 1849021. We acknowledge that there was no recommended sentence in this case. However, there were "other terms" of the plea agreement requiring that appellant be given notice of how the court could treat those terms before being required to enter his plea.

{¶ 41} The state argues that it did not promise appellant that there would be no prison term imposed. Indeed, the state did not, and could not, make such a promise to induce appellant's plea. However, the prosecutor told the court that if a plea were forthcoming to count one of the indictment, then: (1) the state would move to nolle count two, and (2) he and the parole officer were not seeking jail time for the offense. Count two of the indictment was nolled. Appellant could have reasonably expected the second aspect of the prosecutor's and parole officer's position—no prison time—to be fulfilled. Again, this is particularly so in light of the court's statements before accepting appellant's plea. At best, the plea colloquy was ambiguous. Any ambiguity must be resolved in appellant's favor. *United States v. Holman* (C.A.6, 1984), 728 F.2d 809.

{¶ 42} The issue is one of notice. As this court stated in *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208, "When a trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea, the court does not abuse its discretion when it imposes a sentence greater than that forming the inducement for the defendant to plead guilty." Id. at syllabus. Likewise in this case, appellant was not forewarned that the court would not be bound by the plea agreement. Therefore, we hold that appellant's guilty plea was not knowingly made, with the understanding of the effects of that plea. The trial court should have forewarned appellant that the sentencing judge was not bound by the state's position against incarceration and could impose a prison term. Furthermore, because the judge who sentenced appellant was different from the judge who accepted appellant's plea, the record does not indicate that the sentencing judge was aware of the plea colloquy and the state's position regarding jail time.

{¶ 43} Appellant's sole assigned error is sustained. The judgment is reversed. Appellant's plea is vacated, and the matter is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

SWEENEY, P.J., and COONEY, J., concur.