JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Clint Joachim appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. Finding no merit to appellant's single assignment of error, we affirm.
 {¶ 2} Appellant was indicted by the Cuyahoga County Grand Jury on August 10, 2007, in a one-count indictment alleging a violation of R.C. 2919.25, domestic violence, with a prior conviction. The allegation of a prior conviction for domestic violence increased the severity of the offense charged from a first degree misdemeanor to a fourth degree felony. R.C. 2915.25(D)(3).
 {¶ 3} Appellant was arraigned on August 15, 2007 and entered a plea of not guilty to the indictment. On September 21, 2007, appellant withdrew his not guilty plea and entered a plea of guilty to the indictment. The trial court accepted the plea and on October 18, 2007 sentenced appellant to 17 months in prison.
 {¶ 4} Appellant now appeals his conviction, arguing that the trial court did not adequately explain the nature of the offense; thus, his guilty plea was not knowingly, intelligently, or voluntarily made. Appellant states his assignment of error as follows:
 {¶ 5} "I. Whether due to the deficiencies in the plea colloquy, Appellant could only be sentenced on the basis of a misdemeanor conviction." *Page 2 
 {¶ 6} We first answer appellant's question in the negative. Were we to find deficiencies in the plea colloquy sufficient to constitute reversible error, we would reverse the conviction, vacate the guilty plea, and remand for a new plea hearing. See State v. Conrad, Cuyahoga App. No. 88934, 2007-Ohio-5717.
 {¶ 7} We next review the merits of appellant's argument that the plea colloquy was deficient. In resolving whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately guarded the constitutional and non-constitutional rights promised by Crim. R. 11(C).State v. Nero (1990), 56 Ohio St.3d 106. The standard of review differs depending upon the rights appellant raises on appeal. Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim. R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a non-constitutional right found in Crim. R. 11(C)(2)(a) and (b), we look for substantial compliance. State v.Asberry, 173 Ohio App.3d 443, 2007-Ohio-5436; State v. Moviel, Cuyahoga App. No. 86244, 2006-Ohio-697.
 {¶ 8} Appellant's only argument is that the trial court violated his non-constitutional rights by failing to adequately specify the nature of the prior conviction used to enhance his offense from a first degree misdemeanor to a fourth degree felony. We therefore review for substantial compliance. *Page 3 
 {¶ 9} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra, at 108.
 {¶ 10} There is sufficient evidence in the record to support a conclusion that appellant understood the nature of the charge against him, the possible penalties he was facing, and had full knowledge and awareness that the prior conviction included in the charge was for his prior domestic violence conviction in Cleveland Municipal Court.
 {¶ 11} The enhancement allegation in the indictment states: "Furthermore, the said Clint Joachim, on or about the 3rd
day of May 2007, in the Cleveland Municipal Court, Case No. 2007CRB11930, having been convicted of the crime of Domestic Violence, in violation of Revised Code Section 2919.25 of the State of Ohio."
 {¶ 12} During the plea colloquy, there were at least two specific references to the prior domestic violence conviction as specified in the indictment:
 {¶ 13} "THE COURT: *** Right now are you on community control or probation in any other case?
 {¶ 14} "[DEFENSE COUNSEL]: You're on P.R.C.?
 {¶ 15} "THE DEFENDANT: And probation for the first domestic.
 {¶ 16} "[DEFENSE COUNSEL]: Cleveland Muni. *Page 4 
 {¶ 17} "THE COURT: Well, what I mean to say is, like right now you're on P.R.C., right?
 {¶ 18} "THE DEFENDANT: Yes.
 {¶ 19} "THE COURT: *** You're going to get a sentence in this case of up to 18 months, and that's going to be on top of whatever P.R.C. violation you might get, time for that violation you might get, and its going to be on top of any time you might get in your D.V. probation. Do you understand?"
[Cite as State v. Joachim, 2008-Ohio-4876.]
 {¶ 20} Appellant understood, as did the trial court, that "D.V. probation" was a reference to appellant's May 2007 prior conviction, as specified in the indictment, and to which he admitted being on probation from. We therefore find that appellant's assertions that he only admitted the existence of "an unknown and unspecified prior conviction," and that he did not know "the nature of his prior conviction" nor "the manner in which it affected his case," are belied by the record. The assignment of error raised by appellant is overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
ANTHONY O. CALABRESE, JR., P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1