JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Esner, appeals from guilty pleas entered in four separate cases. He complains that (1) he did not make his guilty plea knowingly because the court failed to inform him of the charges and penalties for each specific crime and (2) the court abused its discretion by giving him the maximum sentence. We find no error and affirm.
 I {¶ 2} Esner argues that during the plea colloquy, the court failed to inform him of each individual count contained in all four criminal cases and the penalty for each of those counts.
 {¶ 3} Crim. R. 11(C)(2)(a) states that the court shall not accept a guilty plea without first addressing the defendant personally and "[d]termining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved ***." The term "nature of the charge" is not defined in the Rules of Criminal Procedure, but the courts have not interpreted that phrase to require the trial judge to inform the accused of the actual elements of the charged offense during the plea colloquy. See State v.Carpenter, Cuyahoga App. No. 81571, 2003-Ohio-3019, at ¶ 2; State v.Krcal, Cuyahoga App. No. 80061, 2002-Ohio-3634, at ¶ 25 (collecting cases). The trial judge must look to the circumstances of the case to determine whether the accused understood the charges to which he is pleading. State v. Swift (1993), 86 Ohio App.3d 407, 412. *Page 4 
 {¶ 4} The requirements of Crim. R. 11(C)(2)(a) are non-constitutional,State v. Joachim, Cuyahoga App. No. 90616, 2008-Ohio-4876, at ¶ 7, so we review the plea proceedings to ensure "substantial compliance" with the rule. Id., citing State v. Asberry, 173 Ohio App.3d 443, 2007-Ohio-5436;State v. Moviel, Cuyahoga App. No. 86244, 2006-Ohio-697. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. When the defendant "indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him."State v. Wangul, Cuyahoga App. No. 84698, 2005-Ohio-1175, at ¶ 10
(citations omitted).
 {¶ 5} Esner's four criminal cases were combined into a single plea bargain. In CR-496702, Esner agreed to plead guilty to one count of burglary. In CR-498311, Esner agreed to plead guilty to one count of escape. In CR-498503, Esner agreed to plead guilty to five counts of theft; one count of burglary; six counts of forgery; three counts of breaking and entering; one count of attempted grand theft motor vehicle; one count of grand theft motor vehicle; one count of tampering with a coin-operated machine; and one count of vandalism. In CR-500682, Esner agreed to plead guilty to one count of breaking and entering; one count of theft; and one count of possessing criminal tools. *Page 5 
 {¶ 6} During the plea proceedings, the state explained to the court the plea bargain reached by the parties. Going case-by-case, it began outlining each individual count, specifying the degree of the offense for each count. When the state reached CR-498503, the court interrupted after the third count and told the state, "[r]ather than going through all the counts, why don't you tell me what he's pleading to." The state informed the court that Esner "will be pleading to the indictment as charged in this case, which amounts to one F2 with an RVO spec, 12 felonies of the fifth degree, two felonies of the fourth degree, and four misdemeanors of the first degree."
 {¶ 7} Esner argues that by asking the state to summarize the individual counts into groupings by degree of offense, the court did not make him aware of each count to which he was pleading and the maximum penalty for each count.
 {¶ 8} Even though the court did not require the state to name the crime charged in each individual count listed in CR-498503 as it outlined the plea agreement, the totality of the circumstances show that Esner was aware of the nature of each charged offense in that case before he pleaded guilty. Before taking Esner's plea, the court individually addressed each count in CR-498503, reading verbatim from the indictment and stating the elements of each charged offense. The court also summarized the maximum penalties for each degree of offense that had been charged in the indictment. Although the state may not have outlined the name of specific offenses when stating the terms of the plea *Page 6 
bargain, the court certainly made Esner aware of the nature of each charged offense before he entered his plea. Esner gave no indication that he did not understand the nature of each count or that he did not understand the nature of the proceedings. Moreover, after Esner entered his plea, the court asked defense counsel if he was "satisfied that the Court has complied with Criminal Rule 11?" Defense counsel replied affirmatively. We find the totality of the circumstances show that the court substantially complied with Crim. R. 11(C)(2)(a).
 II {¶ 9} Esner next complains that the court abused its discretion by ordering him to serve 8 years in prison — the maximum time allowed for a second degree felony. He maintains that his conduct did not support such a lengthy sentence.
 {¶ 10} The trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100. Despite this discretion, the trial court must consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. Although the trial court's consideration of these factors is mandatory, proof of that consideration is not — "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper *Page 7 
consideration to those statutes." State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, fn. 4, citing State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. See, also, State v. Franco, Medina App. No. 07CA0090-M, 2008-Ohio-4651, at ¶ 10-11; State v. Slone, Greene App. Nos. 2005 CA 79 2006 CA 75, 2007-Ohio-130, at ¶ 20.[1]
 {¶ 11} In CR-498503, the court sentenced Esner to serve the maximum sentence of eight years for burglary, a second degree felony. The remaining counts in CR-498503 were inferior degree offenses, and the court ordered the sentences for those counts to be served concurrent with the burglary count. The sentences in the three other cases, which likewise involved inferior degree offenses, were also ordered to be served concurrent with the sentences in CR-498503.
 {¶ 12} We find the court did not abuse its discretion by giving the maximum sentence. It appears that the eight-year sentence for burglary had been discussed by the parties prior to the plea and may have been part of an *Page 8 
agreed sentence. Defense counsel told the court that "[c]ertainly this man is going to prison for 8 years" and then asked the court to delay the imposition of restitution until Esner was released from prison. Just prior to sentencing, defense counsel again asked the court to "put on an order that the restitution will be due after he serves his eight years in prison." Although Esner did not specifically state the length of an agreed sentence during allocation, he did state that he realized "I'm going to be a middle-aged man when I'm released from prison ***." Given these statements concerning the length of sentence, it is obvious that Esner knew before the fact that his conduct would have led the court to impose the eight-year maximum term.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] We are aware that the opinion concurring in judgment only inKalish concluded that Adams had been "implicitly" overruled by State v.Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302, in which the court wrote, "the sentencing judge could have satisfied her duty under R.C. 2929.12
with nothing more than a rote recitation that she had considered the applicable [factors]." This justice apparently believed that a reference to a "rote recitation" to the applicable factors somehow trumped the syllabus law in Adams. Given that the three members of theKalish majority approved Adams and the three dissenting justices did not cite to Adams, we find no basis for concluding that Adams had been implicitly overruled in Arnett. *Page 1