[Cite as *State v. Dissell*, 2012-Ohio-354.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96634**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT DISSELL

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545107

**BEFORE:** Stewart, P.J., Jones, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEY FOR APPELLANT**

Brooke Deines
Law Offices of Brooke Deines, LLC
P.O. Box 91426
Cleveland, Ohio 44101


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   John P. Colan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


MELODY J. STEWART, P.J.:

{¶ 1}  Defendant-appellant, Robert Dissell, pleaded guilty to two counts of robbery, one count of theft, and one count of drug possession and was sentenced to a five-year term of incarceration.   He appeals the conviction and sentence, arguing that his guilty pleas were made in violation of Crim.R. 11 and that the court abused its discretion when sentencing him.   For the following reasons, we affirm.

{¶ 2}  The underlying facts of this case are stated in summary form.   On December 7, 2010, appellant robbed a PNC bank.   He handed the teller a note containing "implied force wording."   Upon arrest, the police found a small amount of heroin (less

than one gram) on appellant and $364. Dissell did not use a weapon in committing the offense, no one was harmed in the process, and the money he took was fully recovered.

{¶ 3} Dissell was indicted by a Cuyahoga County Grand Jury on two counts of robbery in violation of R.C. 2911.02(A)(2) and 2911.02(A)(3), both felonies of the second degree; one count of theft in violation of R.C. 2913.02(A)(4), a fifth degree felony; and one count of drug possession in violation of R.C. 2925.11(A), also a fifth degree felony, with a forfeiture specification. He was arraigned on January 5, 2011 and pleaded not guilty to the charges. On February 24, 2011, Dissell appeared before the court and withdrew his pleas of not guilty and entered guilty pleas to all counts.

I

{¶ 4} In his first assignment of error, Dissell asserts that his guilty pleas were entered in violation of his rights pursuant to Crim.R. 11. He argues that his pleas were not knowing and voluntary because the trial court's statements during the plea lead him to reasonably believe that he would receive a much lighter sentence than the one he was given.

A

{¶ 5} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision

regarding whether to plead guilty. *State v. Schmick*, 8th Dist. No. 95210, 2011-Ohio-2263, 2011 WL 1797234.

**{¶ 6}** Crim.R. 11(C)(2) provides:

In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 7}** In resolving whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and non-constitutional rights set forth in Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**{¶ 8}** The standard of review we use differs depending upon the rights appellant raises on appeal. Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), we look for

substantial compliance. *State v. Joachim*, 8th Dist. No. 90616, 2008-Ohio-4876, 2008 WL 4356474, quoting *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.); *State v. Moviel*, 8th Dist. No. 86244, 2006-Ohio-697, 2006 WL 350205.

B

{¶ 9} Dissell alleges a violation of a non-constitutional right. He asserts that the trial court misled him with regard to the penalties he faced and, as a result, he did not enter his plea knowingly or voluntarily. We, therefore, review the trial court's actions in the plea colloquy for substantial compliance with Crim.R. 11.

{¶ 10} Dissell relies on the following exchange in support of his argument:

THE COURT: You face a—I would call it a theoretical minimum term of six months; meaning, the minimum term on Counts 3 and 4 run concurrent with probation or some other sanctions on Counts 1 and 2. But I call that theoretical because if you're sentenced to prison it is likely that you'd be sentenced to prison on the robberies, where the minimum sentence is two years. So as I mentioned, the theoretical minimum sentence is six months, but the practical minimum sentence is probably two years. You should consider that in deciding to plead guilty as proposed. And certainly the practical and theoretical maximum is 18 years.

{¶ 11} The record indicates that the following questions were asked of appellant:

THE COURT: Are you able to read and write in English?

DEFENDANT: Yes.

THE COURT: Currently are you under the influence of any illegal drugs or alcohol?

DEFENDANT: No, sir.

\* \* \*

THE COURT:   Does [the medication you are taking] affect your cognition, your ability to think straight?

DEFENDANT:   No, Your Honor.

THE COURT: Do you believe you're thinking clearly here this morning?

DEFENDANT:   Yes, Your Honor.

THE COURT:   If I make a statement during this hearing that you don't understand, will you tell me that?

DEFENDANT:   Yes, sir.

* * *

THE COURT:   You have constitutional rights that may be exercised at a trial.   Of course, if you plead guilty to the indictment there's going to be no need to have a trial.   So by pleading guilty you effectively waive or give up your constitutional rights; do you understand?

DEFENDANT:   Yes, sir.

* * *

THE COURT:   The theft offense is a felony five, as is a drug possession offense; the possible sentence for a single felony five is anywhere from 6 to 12 months inclusive in prison.   Do you understand?

DEFENDANT:   Yes.

THE COURT:   Now you have four charges here, it is possible that all sentences on each charge may be made to be served consecutively, meaning one after the next after the next.   Because of that you face a maximum possible sentence of eighteen years in prison. Do you understand this?

DEFENDANT:   Yes.

The court then instructed appellant about postrelease control.   The defendant acknowledged that he understood what postrelease control entailed.

**{¶ 12}** The court continued, stating:

THE COURT: * * * So just by way of example, if you were given what I call the practical minimum of two years in prison and then you came out and you violated PRC a number of times, you could receive as sanctions for violating up to a total of one year in prison under that example. Do you understand?

DEFENDANT: Yes, Your Honor.

The judge explained to Dissell that he was using a hypothetical example when discussing appellant's possible sentence for his guilty plea:

THE COURT: * * * And I shouldn't have to say this, but out of an abundance of caution I will. I mention the two years in that scenario only as an example not an indication of what the sentence may be in this case. * * * Do you understand this?

DEFENDANT: Yes.

* * *

THE COURT: All right. Well, I think you are aware of the consequences, I also think you're doing this of your own free will. So I'm going to ask you, sir, how do you plead * * *?

Having asked these questions, the court was persuaded that Dissell understood the charges against him and the maximum possible sentence he faced. His guilty pleas, therefore, were knowingly, intelligently, and voluntarily made.

C

**{¶ 13}** Appellant relies also on our decision in *Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082, to support his claim that we should vacate his guilty pleas as not being knowingly and voluntarily made. We note that, just like in *Asberry*,

the judge who accepted Dissell's guilty pleas was different from the judge who sentenced him. However, the similarity between the two cases ends there.

{¶ 14} In *Asberry*, this court vacated the appellant's guilty plea as not being knowingly made because we found that the circumstances surrounding the entering of appellant's plea and his subsequent sentencing led Asberry to reasonably believe he would not be incarcerated. Unlike in *Asberry*, Dissell was aware that he could receive a prison sentence. The court used hypothetical examples to illustrate the length of sentences Dissell could receive, and it stated that there was a theoretical minimum sentence of six months in prison and a practical minimum of two years. However, the record clearly demonstrates that the court acknowledged that the hypotheticals were merely examples and were not indicative of the actual sentence appellant would receive. Also, unlike the circumstances in *Asberry*, neither the state nor the trial court mentioned or alluded to the possibility that prison time was unlikely for Dissell. We find appellant's comparison to *Asberry* not well taken. Appellant's first assignment of error is overruled.

II

{¶ 15} Dissell's second assigned error asserts that the court abused its discretion by failing to adhere to R.C. 2929.11 and 2929.12 when it sentenced him to five years in prison. He argues that the trial court failed to properly consider the sentencing factors of the statutes because the facts and circumstances of his case overcome the presumption of prison. In support of this argument, Dissell notes in his brief that he was a first-time

offender,[1] no weapon was used to commit the crime, he did not physically harm anyone, and all of the stolen property was recovered. In light of these facts, he contends that the trial court abused its discretion by sentencing him to a lengthy prison term.

{¶ 16} The Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, eliminated mandatory judicial fact-finding for upward departures from minimum sentences, but left intact R.C. 2929.11 and 2929.12 for trial courts to consider when imposing a sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The plurality opinion in *Kalish* established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at 4. If this first step "is satisfied," the second step requires that the trial court's decision be "reviewed under an abuse-of-discretion standard." *State v. White*, 5th Dist. No. CA-00111, 2009-Ohio-6447, 2009 WL 4690243.

{¶ 17} R.C. 2929.11(A) states in pertinent part:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the

---

[1] Although Dissell's brief states that he was a first offender, both the state and the trial court acknowledged prior convictions, though none as serious as the offenses in this case.

offender and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 gives the court discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence upon an offender. In exercising this discretion, the court shall consider the factors relating to the seriousness of the conduct, the factors relating to the likelihood of the offender's recidivism, along with any other factors that are relevant to achieving the purposes and principles of sentencing.

{¶ 18} In order for this court to find that the trial court abused its discretion, we must find that the court's decision "is unreasonable, arbitrary or unconscionable." *Kalish* at ¶ 19*,* quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). We find that the five-year sentence was not an abuse of the trial court's discretion.

{¶ 19} Before sentencing Dissell, the court stated that it had reviewed the presentence investigation report and would consider, for purposes and principles of felony sentencing, R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. The court was aware that Dissell had a history of substance abuse with heroin, and that he was still struggling with this addiction. Additionally, he had refused to take a drug test for the presentence investigation and, on another occasion, tested positive for heroin. The court acknowledged that heroin is probably one of the most severe forms of addiction that the court sees.

{¶ 20} The court noted further that Dissell had prior criminal convictions, showing a certain familiarity with the criminal justice system, even though these prior convictions were not for offenses as severe as the ones before the court. The court stated that, "given the facts and circumstances, here, again those purposes and principles of sentencing do call for rehabilitation of the offender, but that is after the punishment and also that the sentence should not demean the seriousness of the offense, and that's what the [c]ourt certainly takes issue with here is that the offense is a bank robbery. * * * [I]t's a serious offense and I think it does call for a serious penalty."

{¶ 21} The court noted that appellant placed others at risk in that "everyone else in the bank at the time could have been subject to any kind of an outburst with respect to a reaction to the attempted offense. Even if you didn't have a gun, * * * innocent people could have been hurt or injured." And before imposing sentence, the court stated further that it "is going to find that a prison sentence is necessary in order to protect the public and not demean the seriousness of this offense."

{¶ 22} The court's actions were not unreasonable, arbitrary, or unconscionable. We find that the court went well beyond what was required when sentencing Dissell and, therefore, did not abuse its discretion. Appellant's second assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR