[Cite as *State v. Vandyne*, 2022-Ohio-2640.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2021-0042 |
| | : | |
| DAVID VANDYNE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-928


JUDGMENT:        AFFIRMED


DATE OF JUDGMENT ENTRY:   August 2, 2022


APPEARANCES:


For Plaintiff-Appellee:      For Defendant-Appellant:

RONALD L. WELCH      RYAN AGEE
MUSKINGUM COUNTY PROSECUTOR  100 S. Lafayette St.
             Camden, OH 45311
TAYLOR P. BENNINGTON
27 North 5th Street – P.O. Box 189
Zanesville, OH 43701

*Delaney, J.*

{¶1}  Defendant-Appellant David Vandyne appeals the July 27, 2021 sentencing judgment entry of the Muskingum County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Indictment

{¶2}  On February 18, 2021, the Muskingum County Grand Jury indicted Defendant-Appellant David Vandyne on three counts: (1) theft, a fourth-degree felony in violation of R.C. 2913.02(A)(1); (2) tampering with records, a third-degree felony in violation of R.C. 2913.42(A)(1); and (3) theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1). He entered a plea of not guilty to the charges.

### Plea Hearing

{¶3}   On June 9, 2021, Vandyne came before the trial court to withdraw his plea of not guilty and to enter a plea of guilty to Count 1 of the indictment. (T. 3). The State outlined the plea agreement between it and Vandyne. Upon Vandyne's plea of guilty to Count 1 as contained in the indictment, the parties agreed to a joint recommendation that Vandyne be placed on community control for a period of two years. (T. 3). Vandyne agreed to make restitution in the amount of $12,000 to be paid in full within one year from the date of sentencing. (T. 3). The State agreed to dismiss the second and third counts in the indictment. (T. 3).

{¶4} The trial court conducted the plea colloquy. (T. 4-11). The trial court informed Vandyne that for the offense of fourth-degree felony theft, the possible penalty  was six to eighteen months of imprisonment in one month increments and a fine up to $5,000. (T. 5). The trial court also asked Vandyne:

THE COURT:  The State of Ohio is recommending that you be placed upon community control, and they agree to dismiss Counts 2 and 3. Is that your understanding?

* * *

THE COURT: And you understand that the prosecutor's recommendation is not binding on the Court, I do not have to follow it?

THE DEFENDANT: Yes, Your Honor.

(T. 8).

{¶5} The State next reviewed the underlying facts with the trial court. Until December 15, 2020, Vandyne had been employed as a car salesman at a car dealership located in Zanesville, Ohio. On November 28, 2020, a customer purchased a car and paid an $8,000 down payment. Vandyne retained the down payment without recording it or putting it in his employer's vault. On December 12, 2020, a customer purchased a car and paid a $4,000 down payment. Vandyne again retained the down payment and did not report it or put it in his employer's vault. (T. 11).

{¶6} At the conclusion of the plea colloquy, the trial court accepted Vandyne's plea of guilty. (T. 11). The trial court ordered a presentence investigation and set the matter for a sentencing hearing. (T. 12).

**Sentencing Hearing**

{¶7} The matter came on for sentencing on July 26, 2021. The State noted at the hearing that as a felony of the fourth degree, there was a presumption of community control and there was a joint recommendation for community control. (T. 3).

{¶8} On Vandyne's behalf, his counsel told the trial court that Vandyne was a college graduate with degrees in financing and engineering. He was formerly employed at U.S. Bank where he was once named banker of the year, but he stole money from the bank's vault and arrested. He was placed on probation, which he completed. (T. 4). Counsel said that Vandyne was going to start taking online classes to address his gambling addiction. (T. 5). He had family support in the area. (T. 5). Vandyne told the trial court that he accepted responsibility for his actions and was going to reimburse the car dealership for the missing funds. (T. 6).

{¶9}  The trial court reviewed the presentence investigation on the record. It stated:

> You do have that prior conviction out of Fairfield County from 2015. You were sentenced to five years. That's where you admitted to stealing $70,000 from your employer, U.S. Bank, where you were assistant manager. And you were gambling the money away. And according to your probation officer down there, you were a constant problem, a profuse liar, and a manipulator. You were pv'd and sentenced to 13 days in jail in October of 2017 after being caught back in the Hollywood Casino, violating curfew and failing to pay your restitution and giving your mother problems. After five years of supervision, you only paid about $2,500 towards your restitution. * * * your probation was unsuccessfully terminated on November 17th of 2020 because the time had ran [sic] out. Eleven days later, you were stealing the money in this case.

(T. 6-7).

{¶10} After reviewing the presentence investigation report, the trial court proceeded to sentencing. It found that Vandyne was not amenable to community control and imposed a 16-month sentence. (T. 7). Vandyne was ordered to pay the agreed restitution of $12,000. (T. 7). The trial court summarized:

Based upon your history in that last case and what happened since then, I don't trust you to pay him back in a year and I don't trust you to be on community control. That's why I'm giving you this sentence.

(T. 7).

{¶11} The sentence was journalized on July 27, 2021. It is from this sentencing judgment entry that Vandyne now appeals.

**ASSIGNMENT OF ERROR**

{¶12} Vandyne raises one Assignment of Error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ACCEPTING VANDYNE'S JOINTLY RECOMMENDED SENTENCE."

**ANALYSIS**

{¶14} Vandyne argues in his sole Assignment of Error that the trial court abused its discretion when it did not accept the jointly-recommended sentence. We disagree.

{¶15} A "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-2067, 2022 WL 2188993, ¶ 54 quoting *State v. Harvey*, 8th Dist. Cuyahoga No. 107168, 2019-Ohio-715, 2019 WL 989892, ¶ 7. Trial courts may reject plea agreements and they are not bound by a jointly-recommended sentence. *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-2067,

2022 WL 2188993, ¶ 55 citing *State v. Penrod*, 5th Dist. Licking No. 16-CA-83, 2017-Ohio-7732, ¶ 16, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. *State v. Jefferson*, 5th Dist. Delaware No. 11 CAA 04 0033, 2012-Ohio-148, ¶ 50, citing *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082.

{¶16} Sentencing likewise is within the sound discretion of the trial court. *State v. Mathews*, 8 Ohio App.3d 145, 456 N.E.2d 539 (1982). In this case, the record shows the trial court told Vandyne before sentencing that it was not bound by the joint recommendation for sentencing. The trial court also correctly informed Vandyne prior to sentencing that the possible penalty for a fourth-degree felony was six to eighteen months of imprisonment in one-month increments. After the trial court exercised its discretion and rejected the jointly-recommended sentence at the sentencing hearing, it imposed a prison sentence of sixteen months, which is within the statutory sentencing guidelines. This Court has consistently held that a trial court does not err by imposing a sentence greater than a sentence recommended by the state when the trial court forewarns the defendant of the range of penalties which may be imposed upon conviction. *State v. Parks*, 5th Dist. Licking No. 16-CA-4, 2016-Ohio-5745, ¶ 23, citing *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003.

{¶17} Upon this record, we find no error by the trial court and overrule Vandyne's sole Assignment of Error.

## CONCLUSION

{¶18} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.