[Cite as *State v. Ross*, **2023-Ohio-1800.**]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2022-0053 |
| BRIAN A. ROSS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0123

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 30, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RONALD WELCH
Muskingum County Prosecuting Attorney
327 North Fifth Street, Box 189
Zanesville, OH 43702

JAMES S. SWEENEY
285 South Liberty Street
Powell, OH 43065

*Gwin, P.J.*

{¶1} Appellant Brian Ross appeals his conviction and sentence from the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On March 13, 2022, an officer attempted to initiate a traffic stop for a vehicle going 50 miles per hour in a 25 mile per hour zone. The owner of the vehicle had an active warrant for her arrest, but a male was driving the vehicle. The driver was later identified as appellant. The vehicle did not stop, and a pursuit ensued, with speeds reaching up to approximately 120 miles per hour on I-70 eastbound. After the Ohio State Highway Patrol became involved, the vehicle exited at the New Concord exit, and sped through residential streets. Ultimately, the pursuit ended at a residential street in Cambridge, Ohio. Appellant got out of the vehicle and fled on foot. After a short foot chase, appellant was apprehended by officers. The passenger in the vehicle indicated appellant was aware the officers were trying to get appellant to stop, but appellant refused to do so.

{¶3} On March 23, 2022, appellant was indicted on the following charges: (1) failure to comply with the order or signal of a police officer, a violation of R.C. 2921.331(B), a felony of the third degree, and (2) abduction of passenger A.W., a violation of R.C. 2905.02(A)(2), a felony of the third degree.

{¶4} Appellant, his trial counsel, and counsel for the State of Ohio each signed a guilty plea form on May 25, 2022. Simultaneously, the State of Ohio filed a motion to dismiss Count Two (abduction) as part of a negotiated plea, which the trial court granted. The plea form specifically states the maximum prison term for the failure to comply

charge, and also specifically states the maximum penalty for the failure to comply charge includes a Class II license suspension, with the suspension being from three years to life.

{¶5} Additionally, the form detailed the plea agreement as follows: upon a plea of guilty to Count One, as contained in the indictment, the parties agree to a joint recommendation that Defendant be sentenced to three years in prison; the State agrees to dismiss Count Two of the indictment; the joint recommendation is conditioned upon Defendant's compliance with all bond conditions and Defendant's compliance with all laws pending sentencing on this matter; and Defendant acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.

{¶6} The trial court held a plea hearing on May 25, 2022. The trial court informed appellant of his constitutional rights. Appellant confirmed he was voluntarily waiving each constitutional right. The trial court informed appellant of the maximum penalties, including a prison term of thirty-six months, a maximum $10,000 fine, and a mandatory Class II driver's license suspension of three years to life. Appellant stated he understood the charge and the possible penalties. The trial court then reviewed the plea agreement and joint sentencing recommendation. Appellant confirmed he understood the plea agreement, the joint sentencing recommendation, and stated he had not been promised anything in exchange for his guilty plea. The trial court accepted appellant's guilty plea.

{¶7} Appellant requested the trial court waive a pre-sentence investigation, and the parties jointly stipulated that appellant should receive seventy-three days in jail time credit. The trial court sentenced appellant to thirty-six months in prison with a license suspension of ten years.

{¶8} The trial court issued a judgment entry on June 2, 2022. The entry provides as follows: defendant had his constitutional rights fully explained to him pursuant to Criminal Rule 11; the defendant made a knowing, intelligent, and voluntary waiver of those rights; the defendant understands the nature of the charges, the effect of a guilty plea, and the maximum penalty that can be imposed for each offense to which he has entered a plea of guilty; the court accepted the plea of guilty; the court found the defendant guilty of failure to comply (risk of harm), a felony of the third degree, in violation of R.C. 2921.331(B); the defendant waived a pre-sentence investigation; and the court proceeded to sentencing.

{¶9} The trial court stated it considered the record, all statements, the plea recommendation, the principles and purposes of sentencing under R.C. 2929.11 and the factors contained in R.C. 2929.12 in its sentence, and imposed the sentence of thirty-six months in prison with a ten-year license suspension.

{¶10} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error:

{¶11} "I. THE IMPOSITION OF THE TEN-YEAR LICENSE SUSPENSION WAS CONTRARY TO LAW BECAUSE IT WAS NOT PART OF THE RECOMMENDED SENTENCE."

{¶12} This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief, and allowing appellant file a pro se brief within sixty days of the entry.

Appellant has not filed a pro se brief and this Court has not received a responsive brief from appellee.

*Anders Law*

{¶13} In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶14} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

{¶15} In his proposed assignment of error, appellant contends his sentence was contrary to law because the license suspension was not part of the jointly recommended sentence.

{¶16} This Court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any is relevant;

(b) That the sentence is otherwise contrary to law.

{¶17} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶18} "A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-

Ohio-2646, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022, and CA2019-03-026, 2019-Ohio-4209.

**{¶19}** Here, appellant pled guilty to a third-degree felony. Appellant does not argue his sentence is not within the permissible statutory range. Rather, appellant argues the trial court did not follow the jointly recommended sentence because the ten-year license suspension was not included in the jointly recommended sentence.

**{¶20}** However, a "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-2067." Trial courts may reject plea agreements and they are not bound by a jointly-recommended sentence. *State v. Penrod*, 5th Dist. Licking No. 16-CA-83, 2017-Ohio-7732 citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430. The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. *State v. Jefferson*, 5th Dist. Delaware No. 11 CAA 04 0033, 2012-Ohio-148, citing *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082.

**{¶21}** In this case, the plea agreement specifically states, "Defendant acknowledges that he understands any sentencing recommendation does not have to be followed by the Court." The trial court also correctly informed appellant prior to sentencing that the maximum possible penalty included a license suspension of three years to life. The trial court imposed a sentence (prison of thirty-six months and a ten-year license suspension) which is within the statutory sentencing guidelines. This Court has consistently held that a trial court does not commit error by imposing a sentence greater than a sentence recommended by the state when the trial court forewarns the defendant

of the range of penalties which may be imposed upon conviction. *State v. Parks,* 5th Dist. Licking No. 16-CA-4, 2016-Ohio-5745.

{¶22} Further, the trial court stated in its sentencing entry that it "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12." Appellant's sentence was within the statutory range and he does not point to anything in the record showing the court ignored the sentencing factors.

{¶23} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.