[Cite as *State v. Anderson*, 2020-Ohio-4937.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20CA0029 |
| JOSHSHUN ANDERSON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 18CR1025

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      October 14, 2020

APPEARANCES:

For Plaintiff-Appellee

JOSEPH SNYDER
Assistant Prosecutor
Richland County Prosecutor's Office
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

GLORIA L. SMITH
670 Meridian Way, #188
Westerville, OH 43082

*Gwin, J.,*

{¶1} Appellant Joshshun Anderson appeals from the February 5, 2020 and February 14, 2020 judgment entries of the Richland County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On November 3, 2018, there was an armed robbery at the Goose Drive Thru in Mansfield, Ohio. Store employees reported that appellant walked into the store. Moments later, a second male walked into the store pointing a revolver at store employees and demanding money. The shooter fired several shots. A store employee reported that, approximately an hour prior to the incident, the same two individuals were at the Drive Thru together. A store employee identified store video of the robbery, and pointed out where appellant motioned the shooter to come into the store and stated, "Come on. Now." Appellant denies being part of the robbery. Police were not able to determine the identity of the shooter.

{¶3} On December 20, 2018, appellant was charged with one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) & (C) and R.C. 2923.03(A)(2). Appellee alleged appellant aided and abetted another to rob the Goose by use of a deadly weapon.

{¶4} The trial court appointed Attorney Hitchman to represent appellant and set the case for trial on May 20, 2019. On April 17, 2019, Attorney Hitchman filed a motion to withdraw as counsel, stating that he and appellant were unable to effectively communicate with each other and appellant wanted new counsel. The trial court issued a judgment entry on May 16, 2019, permitting Attorney Hitchman to withdraw and

appointing Attorney Thompson.  On August 9, 2019, Attorney Thompson filed a motion to continue the trial because appellant was unavailable for trial.  The trial court continued the trial to August 19, 2019.  The trial court then continued the trial to September 30, 2019.

{¶5}   Attorney Thompson filed a motion to withdraw on September 30, 2019, requesting leave to withdraw because another attorney in his office represented a witness appellee intended to call at trial.  The trial court issued a judgment entry on October 16, 2019, permitting Attorney Thompson to withdraw.  On November 19, 2019, the trial court issued a second judgment entry granting Attorney Thompson's motion to withdraw and appointing Attorney Daniels-Hill to represent appellant.  The trial court also issued a judgment entry continuing the trial to allow Attorney Daniels-Hill to prepare for trial.

{¶6}   A jury trial was scheduled for January 13, 2020.  Upon joint motion of the parties, the trial court continued the trial to February 10, 2020.  On February 4, 2020, Attorney Daniels-Hill filed a motion to withdraw as counsel for appellant.  The motion states:  appellant wishes to obtain new counsel; appellant asked trial counsel to file the motion to withdraw; appellant believes he would be best served with different counsel as his relationship with trial counsel had broken down; appellant wishes to retain private counsel; and appellant has expressed that he is unhappy with the legal representation he has received thus far in the case.

{¶7}   On February 5, 2020, the trial court issued a judgment entry denying trial counsel's motion to withdraw.  The trial court first noted the case was set for trial on February 10, 2020, and was previously set once before.  Further, that Attorney Hitchman was permitted to withdraw, and Attorney Thompson had to withdraw due to a potential

conflict. The trial court concluded, "these cases have been on the court's docket for an extended period of time and the defendant is currently incarcerated in the county jail. Accordingly, the motion to withdraw is overruled so these can be tried without further unnecessary delay."

{¶8} Prior to the start of the trial, the trial court stated as follows:

As far as the motion to withdraw, Attorney Daniels-Hill did file the motion, and I overruled it. The reason I overruled it is it was filed last Thursday, only a couple days before trial. Mr. Anderson has the opportunity to hire counsel, and he can hire counsel. It's expensive, but he can hire counsel. I overruled it because in this particular case the case was set for trial today. It's been set for a long time. In fact, it's a 2018 case, and here we are in 2020. We've had Attorney Hitchman appointed, and he withdrew. Attorney Thompson was appointed, and then withdrew because of a conflict. And then Attorney Daniels-Hill was appointed. Attorney Daniels-Hill is doing a very good job as far as the Court is concerned in representing Mr. Anderson. He advocated strongly for him at pretrials and that sort of thing. * * * we need to get the cases resolved because they've been pending for quite some time, and Mr. Anderson has been in jail for a long time and he deserves to have a speedy trial, to have his trial heard quickly rather than slowly. So that was my ruling.

{¶9} After jury selection, counsel for appellant stated his client had some questions for the trial court about the jury selection process because appellant read in a book that he has the ability to affirmatively select people to be included on the jury. The

trial court provided a detailed explanation to appellant about the jury selection process and explained that the jurors are seated in numerical order, as selected randomly by a computer. Appellant stated he understood the process and had no further questions.

{¶10} After three witnesses, the court adjourned the trial for the day. After reconvening two days later, the trial court stated there were plea discussions after the jury left, but appellant wanted to think about it and speak with his family. Appellant then informed the trial court he wanted to plead no contest.

{¶11} When the trial court inquired as to whether appellant was happy with trial counsel during the plea colloquy, appellant stated he was not. After a discussion between appellant, the trial court, and counsel for appellant regarding appellant's specific concerns about counsel, the trial court asked appellant if he was willing to go forward with the plea, despite having some issues with trial counsel. Appellant responded, "yes, I am." The trial court accepted appellant's plea.

{¶12} At a sentencing hearing, counsel for appellant argued on his behalf; appellant expressed his remorse to the victims and to the court; appellee spoke about appellant's criminal history; counsel for appellee submitted a letter in which appellant attempted to bribe the victim in this case with $3,000 not to testify against him; and appellee also noted that appellant would not cooperate in providing detectives with the name of the shooter. The trial court sentenced appellant to nine years in prison and issued a sentencing entry on February 14, 2020.

{¶13} Appellant appeals the judgment entries of the Richland County Court of Common Pleas and assigns the following as error:

{¶14} "I. APPELLANT WAS DENIED THE RIGHT TO COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶15} "II. APPELLANT WAS DENIED DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO CONDUCT A HEARING ON THE MOTION TO WITHDRAW AS COUNSEL.

{¶16} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED ON THE MOTION TO WITHDRAW AS COUNSEL WITHOUT CONDUCTING A HEARING.

{¶17} "IV. APPELLANT WAS DENIED DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO CONDUCT AN INQUIRY WITH APPELLANT REGARDING THE BREAKDOWN IN THE ATTORNEY-CLIENT RELATIONSHIP PRIOR TO TRIAL."

I.

{¶18} In his first assignment of error, appellant contends he was denied his right to counsel and thus his conviction must be reversed because there was a one-month period when appellant was without counsel, as Attorney Hitchman was granted leave to withdraw on October 16, 2019, but Attorney Daniels-Hill was not appointed until November 19, 2019. We disagree.

{¶19} The Sixth Amendment, made applicable to the states through the Due Process Clause of the United States Constitution, guarantees an accused the "assistance of counsel." The right to counsel exists at all critical stages of the criminal process. *State*

*v. Frias-Carvajal*, 5th Dist. Delaware No. 10-CA-33, 2011-Ohio-1197. However, any denial of counsel is harmless error if it can be proven to be harmless beyond a reasonable doubt. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Such error can be harmless unless it has a "substantial and injurious effect or influence * * * in determining the verdict." *State v. Naugle,* 182 Ohio App.3d 593, 913 N.E.2d 1052 (5th Dist. Stark 2009).

{¶20} Upon our review of the docket in this case, from October 16, 2019 to November 19, 2019, the only documents filed were Attorney Thompson's motion for fees, and the trial court's judgment entry granting his motion. Appellant was not denied counsel at any "critical stage" of the criminal process. Further, immediately upon Attorney Daniels-Hill's appointment, the trial court issued a judgment entry continuing the trial so that new counsel could prepare for the trial. We do not find any substantial or injurious effect or prejudice to appellant from the lack of counsel from October 16, 2019 to November 19, 2019; thus, any error is harmless beyond a reasonable doubt.

{¶21} Appellant's first assignment of error is overruled.

I., II., III., IV.

{¶22} Appellant argues the balance of his assignments of error together, and contends the trial court committed error in failing to hold a hearing on the record to inquire as to the breakdown in the attorney-client relationship prior to trial. Appellant relies on *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), in support of his argument that the trial court should have held a hearing to inquire into the reasons submitted by his trial counsel in the motion to withdraw.

{¶23} The general rule is that the trial court is vested with discretion as to whether to hold a hearing upon a motion to withdraw representation. *Garfield Hts. v. Wolpert*, 122 Ohio App.3d 287, 701 N.E.2d 734 (8th Dist. Cuyahoga 1997). Further, it is well settled that a withdrawal motion is within the sound discretion of the trial court. *State v. Edgell*, 30 Ohio St.2d 103, 283 N.E.2d 145 (1972). However, we must consider whether the duty prescribed in *Deal* arises in this case.

{¶24} In *Deal*, the Ohio Supreme Court held that, in the course of a trial for a serious crime, where an indigent defendant questions the effectiveness and adequacy of assigned counsel, the trial court is obligated to inquire into the complaint and make such inquiry a part of the record. 17 Ohio St.2d 17, 244 N.E.2d 742 (1969). "The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable." *Id.* However, while a trial court has a duty to make on-the-record inquiries into specific objections about the performance of court-appointed counsel, the duty prescribed by *Deal* only arises if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further. *State v. Pace*, 5th Dist. Morgan No. 14 AP 0007, 2015-Ohio-2884.

{¶25} This Court has previously held that general objections, such as a statement that defense counsel was not representing a defendant properly, a statement that defense counsel would not fight for the defendant, or a statement that a defendant was having difficulty with his attorney, were not specific objections triggering the *Deal* inquiry. *Id.*; *State v. Ervin*, 5th Dist. Stark No. 2000CA00297, 2001 WL 1512190 (Nov. 26, 2001). Thus, appellant's assertions that he wishes to obtain new counsel, he believes he would

be best served with different counsel, and that he is unhappy with the legal representation in his case thus far, are not specific objections triggering the *Deal* inquiry.

{¶26}   However, this Court has also held that when a defendant specifically alleges a breakdown in communication, the trial court has an obligation to inquire to determine whether the "breakdown was of such magnitude as to jeopardize the defendant's right to effective assistance of counsel," i.e., whether appellant demonstrates that the breakdown caused counsel's performance to be deficient or any deficiency in counsel's performance prejudiced the defendant.  *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988); *State v. Ervin*, 5th Dist. Stark No. 2000CA00297, 2001 WL 1512190 (Nov. 26, 2001); *State v. Murphy*, 5th Dist. Richland No. 99CA48, 2000 WL 222000 (Feb. 22, 2000).

{¶27}   Under the facts and circumstances of this case, we find appellant's assertion of a breakdown in communication was a specific objection triggering the trial court's duty to inquire into the complaint and make such inquiry a part of the record.  The trial judge recognized appellant's request for new counsel, but did not inquire into the nature of the breakdown between and appellant and his appointed counsel.

{¶28}   Based on the foregoing, appellant's first assignment of error is overruled. The balance of appellant's assignments of errors are sustained.

{¶29} The February 14, 2020 sentencing entry is reversed and remanded to the Richland County Court of Common Pleas for a re-investigation of appellant's claim of incompetent counsel, specifically the breakdown in communication.  This re-investigation shall be conducted on the record.  If the trial court finds the claim is unfounded or finds that appellant does not demonstrate the breakdown was of such magnitude as to jeopardize appellant's right to effective assistance of counsel, the trial court my re-enter the judgment and sentence.


By Gwin, J.,

Hoffman, P.J., and

Delaney, J., concur