[Cite as *State v. Link*, 2022-Ohio-2067.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 21CA0059 |
| | : | |
| JEREMIAH J. LINK | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                            Common Pleas, Case No. 20CR667

JUDGMENT:                   REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:     June 16, 2022

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

WILLIAM C. HAYES                           WILLIAM T. CRAMER
LICKING CO. PROSECUTOR                     470 Olde Worthington Road, Ste. 200
DARREN M. BURGESS                          Westerville, OH 43082
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Jeremiah J. Link appeals from the July 29, 2021 judgment entry of conviction and sentence of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following statement of facts is adduced from appellee's bill of particulars filed January 27, 2021.

*Appellant is investigated in multiple vehicle thefts, including semi-trucks*

{¶3} In May 2019, a white Ford F-350 pickup truck was stolen from the Giant Eagle parking lot in Heath, Ohio. Surveillance footage showed a man on a bicycle pulling a trailer approach the pickup; the man put the trailer in the bed of the pickup and drove off, leaving the bicycle behind. The bicycle was swabbed for DNA.

{¶4} In June 2019, the pickup was recovered. Two cans were found in the pickup and swabbed for DNA; one of these samples matched appellant's DNA.

{¶5} On February 4, 2020, Newark police were advised a 2012 white Freightliner was stolen from Truck One/Midway Trucking property. The 2012 Freightliner contained a GPS tracking device which revealed the vehicle's location to be 147 S. Webb Street. When police recovered the truck, keys not fitting the ignition were shoved into the ignition and cigarettes with fresh ash were found in the cab. DNA from these cigarettes matched appellant's DNA. Appellant was also observed on surveillance near the location of the 2012 Freightliner at the time it was stolen.

{¶6} On February 19, 2020, appellant was arrested by Newark police on an active warrant. He claimed the Carhartt jacket he was wearing was not his. The jacket

was searched incident to arrest and police found 2 screw drivers, a pack of cigarettes, and four baggies containing a crystalline substance. Appellant also "dropped a bag of crystalline substance at the jail that he admitted to forgetting about." The five bags were tested and found to be methamphetamine, a Schedule II controlled substance, in the aggregate amount of 2.681 grams.

{¶7} On June 18, 2020, a white 2015 Freightliner flatbed truck was found at 55 Builders Drive, Newark. Newark police recognized this vehicle as one reported stolen from HD & R Truck Repair, a detail shop in Newark. Appellant was identified at the scene on surveillance footage and also had a conversation with an employee as he left the property.

{¶8} Upon return of the 2015 Freightliner, a 2014 white Freightliner was also discovered missing from 55 Builders Drive, Newark. This vehicle was later recovered in Hebron but it had been modified and had no license plate. Associates of appellant told police he was in the area of the stolen truck and had modified keys to force the ignition on the truck.

{¶9} On June 23, 2020, Newark Police recovered a yellow 2016 Freightliner at 119 Western Avenue, Newark. This vehicle was stolen from a business in Hebron, and appellant was spotted on surveillance footage walking to the rear gates of the business, getting into a truck, and driving it through a gate.

{¶10} Appellant was interviewed on August 1, 2020. He admitted being at the listed locations but at first refused to admit what he was doing there. After viewing the surveillance footage, appellant acknowledged he was already on parole supervision and "wanted to see what he could do about reducing the possible charges."

{¶11} On January 6, 2021, active warrants existed for appellant's arrest and police were notified he would be in a white semi-truck at a location in Newark. Police surveilled the area. Appellant pulled into an alley behind the location in a white semi-truck matching the description of a 2004 Kenworth Motor Truck that was reported stolen earlier in the week. Officers activated lights and appellant jumped out of the truck. Appellant reached for his pocket and was ordered to the ground. During a search incident to arrest, police found a bag of suspected methamphetamine, lighter, and pipe in appellant's pocket. These items were tested and found to be 1.749 grams of methamphetamine, a Schedule II substance.

*Indictment, changes of plea, and disputes with appointed counsel*

{¶12} On January 14, 2021, appellant was charged by indictment as follows: Count I, receiving stolen property pursuant to R.C. 2913.51(A); Count II, receiving stolen property pursuant to R.C. 2913.51(A); Count III, aggravated possession of methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(a); Count IV, receiving stolen property pursuant to R.C. 2913.51(A); Count V, receiving stolen property pursuant to R.C. 2913.51(A); Count VI, receiving stolen property pursuant to R.C. 2913.51(A); and Count VII, aggravated possession of methamphetamine pursuant to R.C. 2925.11(A)(C)(1)(a). Counts III and VII, aggravated possession of methamphetamine, are felonies of the fifth degree. The remaining counts of receiving stolen property are felonies of the fourth degree.

{¶13} Appellant entered pleas of not guilty and counsel was appointed.

{¶14} A pretrial hearing was held on February 12, 2021. Notations on a Pretrial Entry of that date indicate the matter was likely to proceed to trial. A jury trial was scheduled for March 24, 2021.

{¶15} On March 17, 2021, defense trial counsel filed on appellant's behalf a "Motion to Continue for Change of Plea," indicating appellant decided to change his plea to guilty, agreed to waive a pre-sentence investigation, and jointly recommended with appellee a prison term of four years and eleven months.

{¶16} The trial court converted the jury trial date to a Change of Plea and Sentencing Hearing.

{¶17} On March 29, 2021, defense trial counsel filed a "Motion to Continue for Jury Trial," stating appellant changed his mind and now wished to proceed to trial by jury.

{¶18} The trial court scheduled a jury trial for May 12, 2021.

*First written pro se request for new counsel*

{¶19} On April 22, 2021, the Clerk of Court filed a letter from appellant to the trial court stating in pertinent part: " * * * *. I am writing you with reguards of seeking new Legal council.  due to the fact that I feel that my attorney isn't representing me in my best interest[.] * * * *." (*Sic* throughout).

{¶20} The same day, the trial court responded to appellant by letter stating in pertinent part: "* * * *You are free to hire any attorney you wish, but you don't get to pick and choose your court appointed counsel. I have every confidence in [defense trial counsel's] ability to represent you and he is an excellent trial attorney.* * * *"

{¶21} On April 30, 2021, appellant (via defense trial counsel) and appellee filed a Joint Motion to Continue the trial date of May 12, 2021, citing unavailability of witnesses and scheduling conflicts for the prosecutor and defense trial counsel.

{¶22} The trial court denied the joint motion to continue by entry dated April 30, 2021.

{¶23} On May 4, 2021, appellee filed a Motion to Continue for Witness Unavailability, arguing an investigating officer was unavailable for the trial date of May 12, 2021.

{¶24} On May 10, 2021, the trial court granted appellee's motion to continue and rescheduled the jury trial for June 29, 2021.

{¶25} On June 7, 2021, the trial court sua sponte continued the jury trial to July 7, 2021.

{¶26} On June 8, 2021, appellant filed a pro se request to see all discovery materials.

{¶27} On June 17, 2021, a superseding indictment was filed adding another count of receiving stolen property pursuant to R.C. 2913.51(A), a felony of the fourth degree.

*Appellant orally requests new counsel at arraignment on superseding indictment*

{¶28} Appellant was arraigned on the superseding indictment on June 21, 2021, and appellee stated one count of receiving stolen property was mistakenly omitted from the original indictment. Appellant waived reading of the superseding indictment, entered a plea of not guilty, and bond was continued.

{¶29} Appellant was represented by an attorney from defense trial counsel's office. At the conclusion of the arraignment, appellant asked the magistrate how he could

get a new attorney, and the magistrate responded, "That's something that you'll have a hearing with [trial court] on.  Okay?" and appellant assented.

*Second written pro se request for new counsel*

{¶30} On June 21, 2021, the Clerk of Court filed a letter from appellant stating the following in pertinent part:

> * * * *.
>
> My name is Jeremiah Link Case Number 20 CR 667 and I would respectfully request for my previous counsel to be replaced due to irreparable differences, misrepresentation, and the fact that he has not reviewed my discovery. I feel that he does not have my best interest at heart.  He has not been to the Licking County Justice Center once to discuss any of the video, audio, or pictures related to my case. We have discussed nothing pertaining to my discovery either. I would like to file a motion for my discovery, new counsel, and co-counsel. I would also like to file a motion for continuance, respectfully.
>
> * * * *.

{¶31} On July 1, 2021, defense trial counsel filed a "Motion to Continue for Change of Plea" on appellant's behalf. The motion states, "[u]pon receipt and review of the discovery packet and extensive discussion with the State, Defendant now wishes to withdraw his not guilty plea, enter a guilty plea, and place himself at the mercy of this Honorable Court.  The parties will jointly recommend a sentence of three (3) years at the Ohio Department of Rehabilitation and Corrections."

*Third written pro se request for new counsel*

{¶32} On July 2, 2021, a letter was filed from appellant stating: "I would respectfully like for my previously to be replaced with Collin Petens please. I talked with him he said he would take my case if you would sine this paper thank you." (*Sic* throughout).

*Change of plea and sentencing*

{¶33} On July 7, 2021, appellant appeared before the trial court and entered pleas of guilty as charged to the eight counts of the superseding indictment. Appellant's admission of guilt is signed by appellant, defense trial counsel, and the prosecutor; it notes, e.g., the maximum sentence faced by appellant is 11 years, but the parties jointly recommend a sentence of three (3) years.

{¶34} The transcript of the change-of-plea and sentencing hearing is before us in the record. The trial court engaged in a plea colloquy with appellant, including asking him whether he understood the charges he faced and discussed them with his attorney. Appellant said yes, and agreed that he voluntarily signed the change-of-plea form and thereby waived his right to trial, among others.

{¶35} Appellee then read the statement of facts into the record as stated above in its bill of particulars.

{¶36} Upon further colloquy with the trial court, appellant stated he was satisfied with his attorney's advice and fully understood the circumstances of his case and possible defenses. No threats or promises were made to him and he understood he faced a maximum prison term of 11 years.

{¶37} Defense trial counsel then noted the parties' joint recommendation of a 3-year prison term and asked that restitution be delayed until appellant's release. Appellee noted a request for restitution in the amount of six thousand dollars, and that more restitution requests would be forthcoming.

{¶38} Before the trial court imposed sentence, a theft victim asked to address the court and was permitted to do so. The victim stated appellant stole his truck and damaged the bumper; his truck is his home and his livelihood, and because of appellant, he was out of work for a week while the truck was fixed. The victim stated three years was not a sufficient sentence because appellant stole six trucks and went on "joy rides;" appellant is a drug addict and the victims should not have to bear the consequences of his actions.

{¶39} The trial court then stated in pertinent part:

> * * * *.
>
> Mr. Link, the trial court's considered the purposes and principles of sentencing set out under Section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12. I would note there are—how many was it—six counts of receiving stolen property here; basically, truck thefts here. They're not—it's not their—some kid's car. It's a Kenworth motor truck that [victim] runs his business out of. I think the first one was a Mid-Ohio truck—Midway Trucking property stolen from Truck One. It's a Freightliner, another semitruck someone's using to support themselves, stolen from HD & R Truck Repair, Freightliner flatbed, property from Builders Drive somebody else was using, another Freightliner,

another Kenworth. This would be your—as I see it your seventh conviction for receiving stolen property, burglary, or theft or some related offense, and you had most recently been convicted for the exact same charge, having a stolen truck, that was a Mid-Ohio Pipeline truck in 19CR482 for which you were on supervision when this indictment occurred. I show one of these charges in this indictment occurred before that case, the 19 one. The theft from February of 2020—the two thefts February of '20 and the theft from June of '20 occurred when you were out on bond from the 2019 case. And then the last two or three occurred after that case had been— after you had been given probation on your sixth one. So [victim's] entirely right here.

* * * *.

T. Change of Plea and Sentencing Hearing, 24-25.

{¶40} The trial court then imposed an aggregate prison term of seven years as delineated infra.

{¶41} Also on July 7, 2021, the Judgment Entry of sentence was filed. The trial court notes appellant was charged with five (*sic*) counts of receiving stolen property and two counts of aggravated possession of methamphetamine.  Appellant was sentenced to the following stated prison terms:

Count I: one year

Count II: one year

Count III: six months

Count IV: one year

Count V: one year

Count VI: one year

Count VII: six months

{¶42} The terms are to be served consecutively for a total aggregate prison term of 7 years (*sic*). The trial court noted, e.g., consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and also finds the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. Further, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶43} A nunc pro tunc entry was filed on July 9, 2021, correcting the number of counts of receiving stolen property to six in the opening paragraph of the entry. However, disposition of seven (*sic*) counts overall, including the two counts of aggravated possession of methamphetamine, is the same and there is no mention of disposition of the remaining count of receiving stolen property.

{¶44} A second nunc pro tunc entry was filed on July 29, 2021. This entry correctly notes the counts as charged, and sentences appellant to the following prison terms:

Count I: one year

Count II: one year

Count III: six months

Count IV: one year

Count V: one year

Count VI: one year

Count VII: one year

Count VIII: six months

{¶45} All terms are to run consecutively to each other for a total aggregate term of 7 years, with the same findings regarding consecutive sentences.

{¶46} Appellant now appeals from the trial court's nunc pro tunc sentencing entry of July 9, 2021.

{¶47} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶48} "I. APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS WAS VIOLATED WHEN THE TRIAL COURT FAILED TO HOLD A HEARING ON APPELLANT'S REQUEST FOR NEW COUNSEL."

{¶49} "II. APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED WHEN THE COURT EXCEEDED THE JOINTLY RECOMMENDED SENTENCE WITHOUT FOREWARNING APPELLANT THAT IT COULD DO SO."

## ANALYSIS

{¶50} For clarity in the disposition of appellant's appeal, we review his assignments of error out of order.

## II.

{¶51} In his second assignment of error, appellant argues he was deprived of due process because the trial court failed to advise him that it could exceed the jointly-recommended sentence before he entered his guilty pleas. We disagree.

{¶52} Appellant, defense trial counsel, and the prosecutor signed an "Admission of Guilt" form filed July 7, 2021, stating in pertinent part:

> * * * *.
>
> I understand the MAXIMUM sentence is a basic prison term of 11 years of which 0 is mandatory. * * *.
>
> * * * *.
>
> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made to me as part of this plea agreement except: parties jointly recommend a sentence of three (3) years imprisonment with the Ohio Department of Rehabilitation and Corrections, stipulate to 182 days jail credit.
>
> * * * *.

{¶53} During the colloquy with appellant, the trial court asked appellant whether he understood that he faced a maximum penalty of 11 years in prison, and appellant indicated he understood. The parties noted their joint recommendation of a 3-year prison term.

{¶54} Appellant argues he was deprived of due process because he was "not forewarned" the trial court might exceed the joint recommendation. A "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Harvey*, 8th Dist. Cuyahoga No. 107168, 2019-Ohio-715, 2019 WL 989892, ¶ 7. In the instant case, appellant first indicated he would change his pleas to guilty in March 2021, and the parties' jointly-recommended sentence at that time was 4 years and 11 months. Appellant changed his mind and the case progressed with the superseding indictment; the jointly-recommended sentence changed to 3 years. There is nothing in the record to indicate the trial court approved either recommendation.

{¶55} Trial courts may reject plea agreements and they are not bound by a jointly-recommended sentence. *State v. Penrod*, 5th Dist. Licking No. 16-CA-83, 2017-Ohio-7732, ¶ 16, citing *State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005–Ohio–3674, 831 N.E.2d 430, ¶ 6; *State v. Underwood,* 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, ¶ 28. The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. *State v. Jefferson*, 5th Dist. Delaware No. 11 CAA 04 0033, 2012-Ohio-148, ¶ 50, citing *State v. Asberry,* 173 Ohio App.3d 443, 2007–Ohio–5436, 878 N.E.2d 1082. We find no evidence in the record to establish that the trial court agreed to a three-

year term in appellant's case. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807, ¶ 39.

{¶56} Sentencing is within the sound discretion of the trial court. *State v. Mathews*, 8 Ohio App.3d 145, 456 N.E.2d 539 (1982). This Court has consistently held that a trial court does not err by imposing a sentence greater than a sentence recommended by the state when the trial court forewarns the defendant of the range of penalties which may be imposed upon conviction. *State v. Parks*, 5th Dist. Licking No. 16-CA-4, 2016-Ohio-5745, ¶ 23, citing *State v. Buchanan,* 154 Ohio App.3d 250, 2003–Ohio–4772, 796 N.E.2d 1003.

{¶57} In *State v. Brooks*, 5th Dist. Richland No. 16CA36, 2016-Ohio-8250, at ¶ 20, we weighed a similar argument in the context of a claim of involuntary guilty plea:

> Appellant argues that the written plea agreement "made no representation regarding the force of a recommended sentence" and that, therefore, his plea was not knowing, intelligent and voluntary. However, the Admission of Guilt/Judgment Entry signed by appellant on May 5, 2016 stated that "State rec 4 years ODRC." At the plea hearing, appellant was advised by the trial court that the maximum sentence that he faced was eleven years. Appellant indicated to the trial court that he understood the maximum sentence that he could face. The trial court's failure to follow the sentence recommended by the State does not make the sentence invalid. It is well-established a trial court is not bound by a prosecutor's recommendations at sentencing. *State v. Ybarra,* 5th Dist. Licking No. 14–CA–8, 2014–Ohio–3485 citing *State v. Rink,* 6th Dist. No. L–02–1307, 2003–

Ohio–4097, at ¶ 5. When a trial court imposes a greater sentence than recommended in the plea agreement, and when the defendant is forewarned of the applicable maximum penalties, there is no error on behalf of the trial court if it imposes a more severe sentence than was recommended by the prosecutor. *State v. Darmour* (1987), 38 Ohio App.3d 160, 160–161, 529 N.E.2d 208.

{¶58} In this case, it is clear the trial court did not participate in the plea agreement. *Parks, supra,* 2016-Ohio-5445 at ¶ 23. Appellant was advised of the possible maximum sentence. Appellant points to no evidence in the record establishing the trial court accepted the 3-year recommendation. After the parties made the joint recommendation, one of the victims stated three years was inadequate for the damage done by appellant to the victims' trucks.

{¶59} The trial court's decision to reject the jointly-recommended sentence did not deny appellant's due process, and the second assignment of error is overruled.

I.

{¶60} In his first assignment of error, appellant argues he received ineffective assistance of counsel because the trial court did not hold a hearing or otherwise inquire into his complaints about defense trial counsel and his request for new counsel. We agree to the extent that the trial court's duty to inquire into appellant's concerns was triggered but not addressed.

{¶61} Appellant does not raise a traditional ineffective-assistance claim in which he asserts trial counsel committed some error resulting in prejudice. Instead, he argues

his letters and questions to the trial court triggered a duty to inquire into his relationship with counsel.

{¶62} Appellant argues the trial court failed to adequately inquire into his concerns about appointed defense trial counsel as required under *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969). "Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record." *Deal*, *supra*, at syllabus. The inquiry may be brief and minimal, and the duty to inquire is only triggered by allegations that are sufficiently specific. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 139, internal citations omitted. "The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable." *Deal*, *supra*, at syllabus.

{¶63} In the instant case, the only specific allegations raised by appellant appear in the second written request for new counsel filed on June 21, 2021: appellant asserts counsel did not come to the jail to review discovery with him. The wording of the letter is ambiguous; it is not clear whether appellant has not had any discussions at all with counsel, or whether they have not discussed discovery only. As of June 8, 2021, appellant filed a pro se motion to view all discovery materials, so it is evident from the record appellant's knowledge of discovery was an issue. Appellee's bill of particulars indicates the audio and video surveillance of appellant at the various theft sites was significant in establishing appellant's guilt so it makes sense that appellant wanted to view this material.

{¶64} The record is similarly ambiguous as to whether the dispute between appellant and counsel was resolved. On July 1, 2021, defense trial counsel filed a request to convert the jury trial date to a change-of-plea and sentencing hearing because the discovery packet had been reviewed and the parties arrived at a joint recommendation of three years. There is no indication in the motion that the discovery was reviewed specifically with appellant, but at the change-of-plea hearing, appellant indicated he was satisfied with counsel's representation.

{¶65} Most of appellant's allegations about counsel were vague and non-specific. The duty prescribed by *Deal* only arises if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further. *State v. Anderson*, 5th Dist. Richland No. 20CA0029, 2020-Ohio-4937, ¶ 24, citing *State v. Pace*, 5th Dist. Morgan No. 14 AP 0007, 2015-Ohio-2884. This Court has previously held that general objections, such as a statement that defense counsel was not representing a defendant properly, a statement that defense counsel would not fight for the defendant, or a statement that a defendant was having difficulty with his attorney, were not specific objections triggering the *Deal* inquiry. *Id.*; *State v. Ervin*, 5th Dist. Stark No. 2000CA00297, 2001 WL 1512190 (Nov. 26, 2001).

{¶66} Regarding the allegations about reviewing discovery and not visiting the jail, however, appellant asserts a breakdown in communication. This Court has held that when a defendant specifically alleges a breakdown in communication, the trial court has an obligation to inquire to determine whether the "breakdown was of such magnitude as to jeopardize the defendant's right to effective assistance of counsel," i.e., whether appellant demonstrates that the breakdown caused counsel's performance to be deficient

or any deficiency in counsel's performance prejudiced the defendant. *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988); *State v. Ervin*, 5th Dist. Stark No. 2000CA00297, 2001 WL 1512190 (Nov. 26, 2001); *State v. Murphy*, 5th Dist. Richland No. 99CA48, 2000 WL 222000 (Feb. 22, 2000).

{¶67} The ambiguity we discern regarding appellant's allegations should have been resolved with a hearing. In *State v. Murphy*, 5th Dist. Richland No. 99CA48, 2000 WL 222000, at *2, supra, the defendant advised the trial court his appointed counsel was unsatisfactory and asked the trial court to discharge counsel. The trial court recognized the request, but did not conduct the inquiry required in *Deal. Id.* In fact, the trial court did not afford appellant *any* opportunity to explain his complaint. *Id.* We reversed, finding "* * * this court has no record of the facts and circumstances surrounding the complaint, and no ability to assess an ineffective assistance of counsel claim. In light of the Ohio Supreme Court's mandate in *Deal,* appellant's sole assignment of error is sustained." *Id.*

{¶68} We reversed the judgment entry of sentence and remanded to the trial court for a review of appellant's claim of incompetent counsel, noting "[t]his re-investigation shall be conducted on the record. If the trial court finds the claim is unfounded, the trial court may re-enter the judgment and sentence." *Id.*

{¶69} Under the facts and circumstances of this case, we find appellant's assertion of a breakdown in communication was a specific objection triggering the trial court's duty to inquire into the complaint and make such inquiry a part of the record. The trial judge recognized appellant's request for new counsel, but did not inquire into the nature of the breakdown between and appellant and his appointed counsel. *Anderson*, supra, 2020-Ohio-4937, at ¶ 27.

{¶70} The July 29, 2021 sentencing entry is reversed and remanded to the trial court for a re-investigation of appellant's claim of incompetent counsel, specifically the breakdown in communication. *Anderson*, supra, 2020-Ohio-4937, at ¶ 29. This re-investigation shall be conducted on the record. *Id.* If the trial court finds the claim is unfounded or finds that appellant does not demonstrate the breakdown was of such magnitude as to jeopardize appellant's right to effective assistance of counsel, the trial court may re-enter the judgment and sentence. *Id.*

## CONCLUSION

{¶71} Appellant's second assignment of error is overruled and his first assignment of error is sustained. The judgment of the Licking County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.