[Cite as *State v. Stires*, **2022-Ohio-2366.**]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT 2022-0004 |
| MICHAEL STIRES | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2021-0517

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 7, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD WELCH      TODD W. BARSTOW
Prosecuting Attorney      261 West Johnstown Road, Ste. 204
BY: TAYLOR P. BENNINGTON      Columbus, OH 43230
Assistant Prosecutor
27 North Fifth Street
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Appellant Michael Stires appeals from the December 22, 2021 judgment entry of conviction and sentence of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On September 29, 2021, appellant was charged by indictment as follows: Count I, illegal conveyance of drugs (fentanyl) onto the grounds of a detention facility, a violation of R.C. 2921.36(A)(2), a felony of the third degree; Count II, possession of a controlled substance (fentanyl), in violation of R.C. 2925.11(A), a felony of the fifth degree; and Count III, possessing drug abuse instruments (syringe) with a prior offense, a violation of R.C. 2925.12(A), a misdemeanor of the first degree.

{¶3} On November 15, 2021, appellant, counsel for appellant, and the prosecutor signed the "plea of guilty" form. The form details the maximum penalty for each offense. It also provides, "upon a plea of 'guilty' to the indictment, the parties agree to a joint recommendation that Defendant be sentenced to eighteen (18) months in prison." The form further states, "Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court."

{¶4} On November 15, 2021, appellant appeared before the trial court and entered a plea of guilty to all three counts.

{¶5} During the plea hearing, the prosecutor summarized the facts of the case. Appellant was originally booked into the Muskingum County Jail on April 2, 2021. A day later, another inmate was caught smoking tobacco. When asked, the inmate stated he

heard appellant brought some contraband into the jail when arrested, including snuff tobacco.

{¶6} The officers interviewed appellant. Appellant admitted he brought snuff and/or tobacco into the jail. Despite appellant's insistence that tobacco was the only contraband he had, further investigation by the officers revealed a coffee packet and two balloons in appellant's shirt. The officers also recovered another balloon, along with a syringe, in appellant's anal cavity. The items were sent to BCI for testing, and confirmed to be fentanyl.

{¶7} The trial court engaged in a plea colloquy with appellant, including asking him whether he understood each of the charges he faced, and the maximum penalties associated with each charge. Appellant stated he understood.

{¶8} The trial court informed appellant of the maximum penalties on each charge, and noted there was a joint sentencing recommendation of 18 months in prison. The trial court stated, "you understand, this joint recommendation is not binding on this Court, and at sentencing I do not have to follow it?" Appellant responded, "Yes." Appellant confirmed he was not promised anything else in exchange for his plea of guilty.

{¶9} Appellant waived a pre-sentence investigation, and asked the trial court to impose sentence subsequent to his plea of guilty. However, after discussion with appellant, the trial court decided to order a pre-sentence investigation.

{¶10} The trial court issued an entry finding appellant guilty on November 17, 2021.

{¶11} At a sentencing hearing on December 20, 2021, the prosecutor stood by the joint recommendation of 18 months, but noted this was the "worst form of the offense"

since appellant knowingly had a report date, and specifically hid drugs to bring into the jail. Because of this, the prosecutor stated the eighteen-month sentence is "more than appropriate." Defense counsel argued appellant has a substantial drug dependency problem, and asked the trial court to follow the joint recommendation.

{¶12} The trial court stated it thoroughly reviewed the pre-sentence investigation, and specifically noted appellant's two previous drug-related felony convictions, multiple drug-related misdemeanor convictions, and fourteen driving suspensions. Upon questioning by the trial court, appellant admitted he planned on bringing the contraband into the jail.

{¶13} The trial court stated, "based upon the facts and circumstances, I'm not inclined to follow the joint recommendation," and sentenced appellant as follows: 36 months in prison on Count 1; 12 months in prison on Count 2; and 180 days of local incarceration on Count 3. The court ordered the sentences to all run concurrently, for an aggregate prison sentence of 36 months.

{¶14} The trial court entered a final sentencing entry on December 22, 2021. Included in the entry is the following: "the Court has considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12." Further, that "the Court made judicial findings that Defendant has a prior felony and misdemeanor criminal record and these offenses created a substantial risk of harm." The trial included the aggregate 36-month prison sentence in the judgment entry.

{¶15} Appellant appeals the December 22, 2021 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶16} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

I.

{¶17} In his assignment of error, appellant contends the trial court committed error in sentencing him in contravention of the sentencing statutes.

{¶18} Appellant contends the comment by the prosecutor that this was the "worst form of the offense," was a message from the prosecutor that the trial court should sentence appellant to more prison time than the jointly recommended 18-month sentence. However, the prosecutor stated the eighteen-month sentence was "more than appropriate," and asked the trial court to follow the joint recommendation several times throughout the sentencing hearing. Additionally, as this Court has consistently held, the trial court's failure to follow the sentence recommended by the State does not make the sentence invalid. *State v. Parks*, 5th Dist. Licking No. 16-CA-1, 2016-Ohio-5745; *State v. Ahmed*, 5th Dist. Licking No. 20CA0047, 2021-Ohio-1418; *State v. Brooks*, 5th Dist. Richland No. 16CA36, 2016-Ohio-8250; *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-2067. It is well-established a trial court is not bound by a prosecutor's recommendation at sentencing. *State v. Parks*, 5th Dist. Licking No. 16-CA-1, 2016-Ohio-5745. "A trial court does not err by imposing a sentence greater than a sentence recommended by the State when the trial court forewarns the defendant of the range of the penalties which may be imposed upon conviction." *Id.*

**{¶19}** In this case, it is clear the trial court did not participate in the plea agreement. At the plea hearing, appellant was advised by the trial court of the maximum penalty for each charge. Appellant indicated to the trial court he understood the maximum sentence he could face. Appellant was forewarned during the plea the trial court was not required to accept the recommended sentence, and stated he understood. The admission of guilty form signed by appellant included the maximum sentence for each charge, and specifically stated appellant "acknowledges that he understands any sentence recommendation does <u>not</u> have to be followed by the Court."

**{¶20}** Therefore, the trial court did not commit error in imposing a sentence greater than that which was jointly recommended.

**{¶21}** Next, appellant argues this Court should adopt the dissent's view in the Ohio Supreme Court case of *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, and review the trial court's findings made pursuant to R.C. 2929.11 and 2929.12. However, we are bound by the doctrine of stare decisis to apply the plurality opinion as set forth in *Jones* by the Ohio Supreme Court, not the dissent. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. A plurality of the justices held that nothing in R.C. 2953.08(G)(2)(a) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.

**{¶22}** Appellant also contends the trial court failed to fashion a sentence that complies with R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶23} Pursuant to R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶24} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶25} The trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the trial court considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996. "Although a trial court must consider the factors in R.C. 2929.11 and R.C. 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range." *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195.

{¶26} As recently stated by the Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, R.C. 2953.08(G)(2)(b) "does not provide a

basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.*

**{¶27}** Appellant pled guilty to illegal conveyance of drugs onto grounds of a detention facility, a felony of the third degree, and possession of a controlled substance, a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), this third-degree felony is punishable by a definite prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. The fifth-degree felony is punishable by a definite prison term of six, seven, eight, nine, ten, eleven, or twelve months. By entry on December 22, 2021, the trial court sentenced appellant to the maximum. The sentences are not contrary to law.

**{¶28}** The trial court explained it was imposing the maximum sentence due to the review of the PSI, appellant's extensive history of drug charges, and the fact appellant knew he was going to jail for a certain amount of time and planned to take the contraband with him. The sentencing entry provides that the court considered the record, statements, plea recommendation, as well as the principles and purposes of sentencing under R.C. 2929.11 and its balance of seriousness and recidivism factors under R.C. 2929.12.

**{¶29}** Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. R.C. 2953.08(G)(2). The sentence is within the statutory range for felonies of the third and fifth degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

**{¶30}** Based on the foregoing, appellant's assignment of error is overruled.

{¶31}  The December 22, 2021 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur