[Cite as *State v. Green*, 2026-Ohio-1816.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0138 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0376 |
| SCHUYLER J. GREEN, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 18, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Schuyler Green ("Appellant"), appeals from the judgment of the Muskingum County Court of Common Pleas imposing a sentence that exceeds the jointly recommended sentence. For the reasons below, we AFFIRM.

## STATEMENT OF THE CASE AND FACTUAL BACKGROUND

**{¶2}** On October 15, 2025, Appellant pled guilty to eleven counts, including Having Weapons While Under Disability, a felony of the fourth degree; nine (9) counts of Receiving Stolen Property – four (4) counts as felonies and five (5) counts as misdemeanors; and Improper Handling of Firearms in a Motor Vehicle, a felony of the

third degree. The prosecutor advised the court that the written plea agreement contained a joint recommendation of five years in prison and that Appellant agreed not to seek judicial release. The parties stipulated to the judicial findings necessary for the imposition of consecutive sentences for certain offenses. In exchange for Appellant's plea, the State dismissed eight (8) remaining counts, and the firearm specifications attached to four (4) of those dismissed counts.

{¶3} The trial court conducted the required Crim.R. 11 plea colloquy. Appellant understood that the trial court was not bound to accept the joint recommendation of the prosecutor and defense counsel. Defense counsel confirmed that Appellant understood the joint recommendation and further understood that sentencing remained within the court's discretion. During the plea colloquy, the trial court advised Appellant of all potential penalties associated with each offense, and informed Appellant again that the joint recommendation was not binding. Appellant proceeded and pled guilty to the above. At the sentencing hearing, both parties reiterated the joint recommendation and requested that the trial court follow it.

{¶4} However, after examining Appellant's criminal history, in addition to the presentence investigation report and all relevant evidence, the trial court rejected the parties' joint recommendation and sentenced Appellant to an aggregate sentence of seventy-eight (78) months. Six (6) sentences were ordered to run concurrently and five (5) were ordered to run consecutively. Because the trial court ordered more sentences to run consecutively than the parties agreed to, the sentence exceeded the agreed upon term. Importantly, none of the felony convictions resulted in the maximum prison term.

{¶5} On appeal, Appellant argues the court improperly imposed an aggregate sentence of 78 months, with additional consecutive sentences and exceeded the scope of

the stipulations, without making "independent" findings that additional consecutive sentences were necessary.

**SOLE ASSIGNMENT OF ERROR**

**{¶6}** "I.   THE TRIAL COURT ERRED BY RELYING ON STIPULATED CONSECUTIVE-SENTENCE FINDINGS MADE FOR THE LIMITED PURPOSE OF EFFECTUATING A JOINTLY RECOMMENDED SENTENCE TO IMPOSE AN AGGREGATE SENTENCE EXCEEDING THE SCOPE OF THAT STIPULATION, WITHOUT MAKING INDEPENDENT FINDINGS DEMONSTRATING THAT ADDITIONAL CONSECUTIVE TERMS WERE NECESSARY."

**STANDARD OF REVIEW**

**{¶7}**   Generally, a trial court has broad discretion when imposing a sentence and in determining whether multiple prison terms shall be served consecutively. *State v. Bonnell,* 2014-Ohio-3177.   However, such discretion is not unlimited and is subject to review.   The appropriate standard of review on appeals challenging a felony sentence is set forth in R.C.  2953.08(G)(2). *Bonnell,* ¶9.   An appellate court may vacate a sentence and/or remand a matter to the trial court when a sentence does not comport with sentencing statutes, or when the sentence is "otherwise contrary to law." *Id.*   When reviewing a criminal sentence, R.C. 2953.08(F) requires a court to examine the entire record, including any oral or written statements and presentence-investigation reports. *State v. Carbaugh*, 2023-Ohio-1269, ¶25 (5th Dist.) (citations omitted).[1]

---

[1] R.C. 2953.08(G)(2) provides as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

**{¶8}** Relatedly, the decision to accept or reject a plea bargain, including a recommended sentence, rests solely within the discretion of the trial court. *State v. Jefferson*, 2012-Ohio-148, ¶ 50 (5th Dist.). "A trial court is not bound to follow a sentence that has been jointly recommended by the parties." *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58 (2006). A "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Link*, 2022-Ohio-2067, ¶ 54 (5th Dist.), quoting *State v. Harvey*, 2019-Ohio-715, ¶ 7 (8th Dist.); *State v. Vandyne*, 2022-Ohio-2640, ¶ 15 (5th Dist.) (trial courts may reject plea agreements and are simply not bound by a jointly-recommended sentence).

## LAW AND ANALYSIS

**{¶9}** In his sole assignment of error, Appellant claims the the trial court acted contrary to law when it imposed consecutive sentences that exceeded the scope of the parties' stipulations, without making independent findings demonstrating that additional consecutive terms were necessary under R.C. 2929.14(C)(4). We disagree.

**{¶10}** First, regarding the trial court's rejection of the joint recommendation, the record demonstrates the trial court clearly informed Appellant that it was not bound by it. Appellant's counsel confirmed that he understood that the trial court did not have to accept the recommendation. The trial court also properly informed Appellant prior to sentencing of all possible penalties for his offenses.[2] Each separate felony sentence was within the statutory guidelines, and none resulted in the maximum prison term. A trial court does not err by imposing a sentence greater than a sentence recommended by the

---

[2] As stated, the trial court then rejected the jointly-recommended sentence and imposed an aggregate prison sentence of 78 months for the eleven (11) counts to which Appellant pled guilty. Six (6) sentences were ordered to run concurrently and five (5) were ordered to run consecutively.

state when the trial court forewarns the defendant of the range of penalties which may be imposed. *Vandyne*, ¶ 16; *State v. Parks*, 2016-Ohio-5745, ¶ 23 (5th Dist.), citing *State v. Buchanan*, 2003-Ohio-4772. Thus, the trial court did not act arbitrarily or unreasonably in rejecting the agreed-upon aggregate 60 months sentence.

{¶11} Next, we examine whether the court made the requisite findings to support the imposition of consecutive sentences. As stated, Appellant claims that because the parties stipulated to consecutive sentence findings to effectuate a recommended sentence, the trial court erred in not making "independent" findings that additional consecutive sentences were necessary. Again, we disagree.

{¶12} R.C. 2929.14(C)(4) sets forth the specific findings a trial court must make on the record when imposing any consecutive sentence. Before a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three specific findings set forth in (C)(4)(a)-(c) apply. *State v. Carmel,* 2014-Ohio-1209, ¶ 6 (9th Dist.); *Carbaugh*, ¶ 32.

{¶13} In *Bonnell,* the Ohio Supreme Court determined that when imposing consecutive sentences, "a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29; Crim.R. 32(A)(4). And because a court speaks through its journal entries, "the court should also incorporate its statutory findings into the sentencing entry." *Bonnell,* ¶ 29, citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47.

**{¶14}** Importantly, the court does not need to state reasons for the findings, the findings alone are sufficient. *Bonnell*, ¶¶ 29-30. If the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record supports the findings, then consecutive sentences should be upheld. *Id.*; *State v. Wade*, 2024-Ohio-4556 (5th Dist.) (concluding the trial court's failure to recite precise statutory language of the required findings for consecutive sentences did not render sentences contrary to law).

**{¶15}** As stated, the trial court has great discretion to reject a joint recommendation. The parties' stipulated findings do not change that legal premise. The record makes clear that the trial court conducted a thorough and proper analysis, rejected the joint recommendation due to several factors, and sentenced Appellant accordingly. Indeed, prior to imposing consecutive sentences specifically, the Court detailed Appellant's criminal history dating back to 2018 that includes multiple possession of drug offenses, vandalism, multiple resisting arrests, theft, and OVI. Additionally, as early as 2009, Appellant committed numerous significant offenses as a juvenile. The trial court also discussed the victims in this case, their individualized harm, and Appellant's longstanding drug addiction. The Court stated:

> COURT: But see, you kept victimizing people that are out there getting up every morning and going to work. * * * And you're taking away their security that they have in their own home. And you kept doing that. You keep doing it and you keep doing it and you keep doing it. And now here you are in an orange jumpsuit and shackles asking for something less. You see the absurdity in that? * * *
>
> And see, you're a pretty decent guy when you're clean and sober, aren't you?

DEFENDANT: Yeah.

COURT: But you know what, you're not that way very often - - * * *  And you're going to prison for quite a while because you [sic] have to protect the public from you.

*Sent. Tr.*, pp. 11-13.

**{¶16}** Only after this discussion (and remembering that eight (8) counts were dismissed), did the court sentence Appellant and ordered several sentences to run consecutive to each other.  The court then specifically found that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; (3) Appellant's criminal history demonstrates consecutive sentences are necessary to protect the public from future crime; and (4) Appellant committed one or more of the multiple offenses as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of Appellant's conduct.  *Id.*, pp. 14-15.  The corresponding Judgment Entry repeats these requisite findings.

**{¶17}** After reviewing the record, we conclude that the trial court stated the requisite findings both at the sentencing hearing and in its Judgment Entry to support its imposition of multiple consecutive terms, irrespective of the stipulated findings.  The court made said findings only after discussing the severity of the offenses with Appellant, the multiple victims and resulting harm, his significant criminal history, and his longstanding addiction.  Thus, the trial court engaged in a proper analysis to support its findings.  The record clearly demonstrates that additional consecutive terms were

necessary to protect the public and were not disproportionate to the seriousness of the offender's conduct and to the danger Appellant poses to the public. Accordingly, Appellant's sole assignment of error is overruled.

## **CONCLUSION**

**{¶18}** For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is Affirmed.

**{¶19}** Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.